# Exhibit A

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

JANE DOE NO. 1 and )
JOHN DOE NO. 1 as next friend and )
father of minor plaintiff, JANE DOE No. 1 )
          )    **DOCKET NO.** $\underline{\text{DT-23-1}}$
      Plaintiff, )
          )    **12 PERSON JURY DEMANDED**
v. )
          )
O'REILLY AUTOMOTIVE STORES, INC. )
AND JOSEPH KARR, )
          )
      Defendants. )

FILED   2 | 15   20 23
HEATHER L. MOORE, CLERK & MASTER
BY _____
DEPUTY CLERK
A.M.   2:30   P.M.

## COMPLAINT FOR DAMAGES

Comes now, the Plaintiff, Jane Doe No. 1, by and through counsel and through her

father, John Doe No. 1, as next friend of minor, Jane Doe No. 1, and hereby provides

facts and law in support of Plaintiff's Complaint filed against O'Reilly Automotive Stores,

Inc. (hereinafter referred to as "O'Reilly") and Joseph Karr (hereinafter referred to as

"Karr") (hereinafter both defendants will jointly be referred to as "Defendants"). The

Plaintiff would show unto the Court as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff, Jane Doe No. 1 (hereinafter referred to as "Plaintiff"), is a citizen

and resident of Tennessee. She is a minor. She is 17 years old as of the date of the filing

of this Complaint. She was 16 years old at the time of the events outlined in this

Complaint. Due to the nature of this case, Jane Doe No. 1 desires that she not be

identified publicly because of the grievous nature of the sexual harassment, sexual

assault and sexual battery that she sustained and the fact she wants her identity protected

from the public to prevent further harm to her. This also requires the identity of her father,

John Doe No. 1, to remain hidden so his identity cannot be determined. It is appropriate

for Jane Doe No. 1 to proceed as a Jane Doe due to the sensitivity of the sexual harassment, sexual assault and sexual battery of her as outlined in the Complaint and the fact she is a minor.

2.     John Doe No. 1, is the father and a custodial parent of Plaintiff, Jane Doe No. 1. John Doe No. 1 is a citizen and resident of Tennessee.

3.     Defendant O'Reilly Automotive Stores, Inc. is a Missouri Corporation. The principal address for this business is listed on the Tennessee Secretary of State's website as 233 South Patterson Avenue, Springfield, MO 65802. The Registered Agent for service of process for O'Reilly Automotive Stores, Inc. is DT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

4.     Defendant Joseph Karr is an individ can be served at his home which is believed to be located at 3024 35th Street, Apt. G, Fort Campbell, KY 42223.

5.     Venue and jurisdiction are appropriate in this court. The Tennessee Human Rights Act provides for jurisdiction in this Court under T.C.A. § 4-21-311. The acts, as stated herein, and the employment of the Plaintiff occurred primarily within Montgomery County, Tennessee. The acts of the Defendants directed at the Plaintiff occurred primarily within Montgomery County, Tennessee.

**FACTS**

6.     Plaintiff is a 17-year-old high school student. Plaintiff is a minor as of the date of filing of this lawsuit. During the time period that Plaintiff worked for Defendant O'Reilly, she was 16 years of age. This was her first substantive employment which started in February 2022 and continued until she was terminated by Defendant O'Reilly in December 2022.

EE Jane Doe Complaint 230209

7.     During the employment of Plaintiff at O'Reilly, starting in the Summer of 2022, the Plaintiff was subjected to a sexually hostile work environment and sexual harassment from management/supervisor, Defendant Joseph Karr. Joseph Karr was a supervisory employee over the Plaintiff. Joseph Karr was an adult, 21years of age or older, during the events outlined in this case, including the sexual harassment and sexually hostile work environment directed at the minor Plaintiff when she was 16 years of age. The conduct directed at the Plaintiff while she was a minor included sexual harassment, sexual discrimination, sexually hostile work environment, hostile work environment based on sex and retaliation by both Defendants. Defendant Joseph Karr assaulted and committed battery upon the Plaintiff in a sexual way. All of these actions of the Defendants addressed and outlined in this Complaint were unwanted and unwelcomed by the Plaintiff. Further, the Plaintiff is legally unable to consent to any of the sexual contact and sexual actions from Defendant Joseph Karr directed at the Plaintiff while working at Defendant O'Reilly, under Tennessee law.

8.     The actions directed at the minor Plaintiff (starting in the summer of 2022) included the following unwelcome and unwanted actions and comments:

a.     Joseph Karr, while working at O'Reilly with Plaintiff, would touch the Plaintiff inappropriately and intentionally on her body in an offensive manner.

b.     Joseph Karr, while working at O'Reilly with Plaintiff, would touch the Plaintiff in an offensive manner on her clothes in the front and back as well as her back. Further, he would try to physically touch the minor plaintiff

while trying to appear that it was an unintentional touching. Joseph Karr did this purposefully and intentionally.

c.    Joseph Karr, while working at O'Reilly with Plaintiff, told the Plaintiff that he was "sexually attracted to her" and that if he had the chance he would "do something" about it.

d.    Joseph Karr, while at work at O'Reilly, told the Plaintiff that "age is just a number" and that Plaintiff was "pretty mature" for being 16. Joseph Karr clearly knew the age of the Plaintiff and that she was a minor and he intentionally pursued a sexual relationship with her, using his position at O'Reilly to pursue a sexual relationship.

e.    Joseph Karr, while working at O'Reilly, touched the Plaintiff's breast area by brushing up against her chest with his hand. Intentionally on multiple occasions.

f.    Joseph Karr, while working at O'Reilly, touched Plaintiff on the buttocks and love handle are of her body.

g.    Joseph Karr, while working at O'Reilly, placed his full hand on the buttocks of the Plaintiff. He repeatedly touched her buttocks while working at O'Reilly.

h.    Joseph Karr, while working at O'Reilly, pushed the Plaintiff up against the wall and forcibly kissed her without her permission or authority. During this forcible kissing, he placed his body up against the Plaintiff's with his hand on her shoulders in a forcible manner.

9.     After the minor Plaintiff started to experience sexual comments and sexual touching from Defendant Joseph Karr, she reported this to management at her employer, Defendant O'Reilly.  Management at O'Reilly did nothing to protect the Plaintiff.  In fact, the conduct directed at her of a sexual nature including touchings and verbal comments continued after reports to management at the Defendant. Management failed to properly address the sexual harassment and sexually hostile work environment, therefore failing to protect the Plaintiff who is a minor 16-year-old in a very vulnerable position.

10.     Management at O'Reilly failed to take appropriate action once it had knowledge of the conduct directed at the Plaintiff, causing the Plaintiff to be further sexually harassed and sexually assaulted in her job by supervisory employee Joseph Karr.  Further, after HR learned about the conduct directed at the Plaintiff, they did not take appropriate action to protect the Plaintiff and to ensure she would not be exposed to Defendant Joseph Karr's conduct directed at her. HR and management were incompetent in their investigation and failed to take appropriate actions and investigative steps to appropriately address the concerns of Plaintiff and to make sure that she was safe in her job.

11.     Further, upon information and belief, there were other reports about Joseph Karr from other female employees that he was acting inappropriately towards women. Despite these reports, Defendant O'Reilly failed to appropriately protect female employees.

12.     Following the sexual harassment, sexual assault and sexually hostile work environment directed at Plaintiff and the reports about this to management and HR, Defendant O'Reilly retaliated against the Plaintiff and terminated her employment.  This

5

termination of her employment was in retaliation for her reports of sexual harassment and sexual assault. Plaintiff was informed that she was terminated, based in part on the way she reacted to Joseph Karr to try to defend herself while she was being sexually assaulted on O'Reilly's premises. Due to the fact that Defendant O'Reilly failed to protect the Plaintiff, she had to take self-defense measures while working, on the clock at Defendant O'Reilly while she was subjected to sexual assault by an adult employee of the Defendant. Defendant O'Reilly terminated the employment of Plaintiff in retaliation for her reports of inappropriate sexual conduct.

13.     Defendant O'Reilly also failed to report the sexual harassment and sexual assault of minor Plaintiff employee to the parents and legal guardians of Plaintiff. Defendant O'Reilly took no steps to communicate with the parents of the minor Plaintiff to inform them of the sexual assault and sexual harassment of her by Defendant O'Reilly's employee, Joseph Karr.

14.     The actions of the Defendants have caused the Plaintiff to suffer severe mental injury.   The sexual harassment, sex discrimination, sexually hostile work environment, hostile work environment based on sex and retaliation from O'Reilly as well as the actions of Defendant Joseph Karr of assault and battery and intentional infliction of emotional distress have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men.  The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since this conduct

6

started through the present time. Further, this severe mental injury continues through the present time.

## COUNT I – SEXUAL HARASSMENT, SEXUALLY HOSTILE WORK ENVIRONMENT, HOSTILE WORK ENVIRONMENT DUE TO SEX, SEXUAL DISCRIMINATION AND RETALIATION UNDER THE TENNESSEE HUMAN RIGHTS ACT AGAINST DEFENDANT O'REILLY

15. Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count I of this complaint.

16. The sexual harassment, sexually hostile work environment, hostile work environment due to sex, retaliation and sex discrimination of Plaintiff by Defendant O'Reilly constituted discriminatory practices as defined in the Tennessee Human Rights Act as defined T.C.A. § 4-21-102(4) and T.C.A. § 4-21-401.

17. The sexual harassment, sexually hostile work environment, hostile work environment, retaliation and sex discrimination due to the Plaintiff's sex violate the Tennessee Human Rights Act.

18. Defendant O'Reilly is an "employer" of Plaintiff as defined in the Tennessee Human Rights Act.

19. Defendant O'Reilly had, at all relevant times in this case, in excess of 8 employees. Defendant O'Reilly had, at all relevant times to this case, in excess of 14 employees. Defendant O'Reilly had, at all relevant times to this case, in excess of 100 employees. Defendant O'Reilly had, at all relevant times to this case, in excess of 200 employees. Defendant O'Reilly had, at all relevant times to this case, in excess of 500 employees.

20. There is a proximate causal connection between the sexual harassment, sex discrimination, hostile work environment, retaliation and sexually hostile work

EE Jane Doe Complaint 230209

environment (discussed above in detail) from the Defendants that she suffered at her place of employment, associated with her female gender. The sexual harassment, sex discrimination, hostile work environment, retaliation and sexually hostile work environment demands on the Plaintiff were specifically because she was female. The unwelcomed sexual harassment, sex discrimination, hostile work environment, retaliation and sexually hostile work environment suffered by Plaintiff at Defendant O'Reilly affected the terms, conditions and privileges of her employment solely based on her sex. Plaintiff was terminated from her job in retaliation for the events outlined in this Complaint and as a result of the conduct outlined in this Complaint.

21.    Defendant O'Reilly had full knowledge of all the harassing actions directed at Plaintiff. Defendant O'Reilly failed to protect the Plaintiff from the grotesque and reprehensible sexual harassment, sex discrimination, hostile work environment, retaliation and sexually hostile work environment. Defendant O'Reilly did not take steps to sufficiently control or stop the sexual harassment, sex discrimination, hostile work environment, retaliation and sexually hostile work environment at Defendant O'Reilly. Plaintiff was expected to work within the environment provided by Defendant O'Reilly as described in this Complaint.

22.    Plaintiff is entitled to compensatory damages including back pay, front pay, interest, punitive damages, damages for humiliation and embarrassment proximately caused by the sexual harassment, sex discrimination, hostile work environment, retaliation and sexually hostile work environment at Defendant O'Reilly. The actions of Defendant O'Reilly have caused the Plaintiff to suffer severe mental injury. The sexual harassment, sex discrimination, sexually hostile work environment, hostile work

8

environment based on sex, and retaliation have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since this conduct started through the present time. Further, under the Tennessee Human Rights Act Plaintiff is entitled to an award of attorney's fees and costs for this litigation.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

23.     Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count II of the Complaint.

24.     Plaintiff asserts that Defendants are responsible for the Intentional Infliction of Emotional Distress of the Plaintiff.  Defendants are liable and legally responsible for the actions of their employees, managers, owners and supervisors under theories of Agency, Respondent Superior and Vicarious Liability as well as Tennessee Law generally.  Defendants are liable for these damages caused against the Plaintiff.  Defendant O'Reilly is also responsible for Intentional Infliction of Emotional Distress due to its own conduct and knowledge as outlined in this Complaint. Defendant O'Reilly had full knowledge of the conduct outlined in the Complaint and acquiesced and supported this conduct allowing the Plaintiff to be subjected to such conduct as outlined in the Complaint – in an Intentional or Reckless manner.  Defendant O'Reilly intentionally did not take corrective action after they knew of and witnessed the conduct outlined in this Complaint. The abusive sexual harassment, hostile work environment and sexually hostile work environment (as

9

more fully described above) constituted intentional and reckless behavior of Defendant O'Reilly. Further, this behavior is outrageous and is not to be tolerated by civilized society.

25.    The actions of the Defendant Joseph Karr in intentionally touching the Plaintiff without the Plaintiff's consent as well as his other actions directed at the Plaintiff (as outlined in detail above – including assault and battery) constituted intentional behavior of Defendant Joseph Karr. This behavior is outrageous and is not to be tolerated by civilized society and caused injury to the Plaintiff as outlined in this Complaint. These actions by Defendant Joseph Karr constituted the Intentional Infliction of Emotional Distress of the Plaintiff.

26.    The actions of the Defendants have caused the Plaintiff to suffer severe mental injury. The actions of Defendants have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since this conduct started through the present time. Punitive damages are appropriate against the Defendants due to this outrageous conduct as more fully described above and in order to appropriately punish Defendants. Further, the Defendants are jointly and severally liable for these damages to the Plaintiff.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT O'REILLY

27.    Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count III of the Complaint.

10

28.     Plaintiff asserts that Defendant O'Reilly is responsible for Negligent Infliction of Emotional Distress of the Plaintiff.  Defendant O'Reilly is liable and legally responsible for the actions of its employees including managers, owners and supervisors under theories of Agency, Respondent Superior and Vicarious Liability as well as Tennessee Law generally.  Defendant O'Reilly is liable for these damages caused against the Plaintiff. Defendant O'Reilly are also responsible for Negligent Infliction of Emotional Distress due to its own conduct as outlined in this Complaint.

29.     The actions of Defendant O'Reilly have caused the Plaintiff to suffer severe mental injury. The actions of Defendant O'Reilly have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since early on in the employment of the Plaintiff through the present time.

### COUNT IV – NEGLIGENCE AGAINST DEFENDANT O'REILLY

30.     Plaintiff incorporates all paragraphs and allegations in this complaint listed above as fully alleged herein within Count IV of the Complaint.

31.     Defendant O'Reilly was negligent in its conduct in failing to protect the Plaintiff from the conduct of its employees, that occurred on the premises, during work hours, as more fully described in the Complaint listed above.

32.     Defendant O'Reilly knew or should have known of the conduct of its employees and agents, as outlined in this Complaint above.  Defendant O'Reilly acted negligently in failing to comply and enforce its policies and procedures as well as appropriate

11

conduct required by their employees. Further Defendant O'Reilly was negligent in failing to appropriately protect the Plaintiff from the conduct of its employees that it knew of or should have known of as outlined more fully above in the Complaint.

33.     Defendant O'Reilly had a duty to the Plaintiff based on its knowledge and relationship with her as an employee, especially because she was a minor employee. Defendant O'Reilly breached that duty as outlined in the facts more fully detailed above.

34.     The negligent actions of Defendant O'Reilly have caused the Plaintiff to suffer severe mental injury. The actions of Defendant O'Reilly have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since this conduct started, through the present time.

## COUNT V – GROSS NEGLIGENCE AND RECKLESSNESS
## AGAINST DEFENDANT O'REILLY

35.     Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count V of the Complaint.

36.     Defendant O'Reilly was grossly negligent and reckless in its conduct in failing to protect the Plaintiff from the conduct of its employees that occurred on the premises as more fully described in the Complaint listed above.

37.     Defendant O'Reilly knew or should have known of the conduct of its employees in making inappropriate comments and actions directed at Plaintiff as outlined in the Complaint.

12

38.     Defendant O'Reilly knew or should have known of the conduct of its employees, as outlined in this Complaint above. Defendant O'Reilly acted with gross negligence and recklessness as outlined more fully above in this Complaint through its employees and managers. Defendant O'Reilly had a duty to the Plaintiff and breached that duty as outlined in the facts more fully detailed above, especially due to her status as a minor employee.

39.     The actions of Defendant O'Reilly have caused the Plaintiff to suffer severe mental injury. The actions of Defendant O'Reilly have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since this conduct started through the present time.

## COUNT VI – NEGLIGENT SUPERVISION, TRAINING AND RETENTION AGAINST DEFENDANT O'REILLY

40.     Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count VI of the Complaint.

41.     Defendant O'Reilly was negligent in the supervising, training and retaining its employees as an employee. Defendant O'Reilly failed to train, supervise and monitor its employees in an appropriate manner. This ultimately led to the sexual harassment, harassment and sexually inappropriate conduct directed by their employees against the Plaintiff on the work premises. Defendant O'Reilly also failed to monitor and supervise its employee's activities outlined in this Complaint despite the fact they had direct actual knowledge of their employee's improper actions directed at women including the Plaintiff.

13

42.     Defendant O'Reilly negligently retained its employees and managers after they received reports and knew about their inappropriate conduct and actions as outlined in this Complaint in detail. This ultimately led to the sexual harassment and sexually inappropriate conduct of its employees and managers directed at the Plaintiff as outlined more fully in this Complaint.

43.     Defendant O'Reilly is liable for all negligence and recklessness of its employees and managers under the theories of Respondeat Superior, Agency and Vicarious Liability for their failures as outlined in this Complaint. The employees and managers of Defendant O'Reilly were acting in the scope of their employment and performing tasks of their employment which led to the situation causing the sexual harassment and sexually inappropriate conduct directed at the Plaintiff. Further, its employees were not properly trained or supervised (on appropriate actions directed at female employees – and especially minor female employees). The policies, rules and procedures of Defendant O'Reilly were applied to their employees in a negligent fashion. Defendant O'Reilly is liable for the actions of its employees.

44.     The actions of Defendant O'Reilly have caused the Plaintiff to suffer severe mental injury. The actions of Defendant O'Reilly have caused the Plaintiff to experience headaches, sleeplessness, depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since this conduct started, through the present time.

## COUNT VII – ASSAULT AND BATTERY CLAIM AGAINST DEFENDANT JOSEPH KARR AND DEFENDANT O'REILLY

14

45. Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within Count VII of the Complaint.

46. Plaintiff asserts that Defendant Joseph Karr is responsible for damages to the Plaintiff resulting from his assault and battery against the Plaintiff as outlined in this Complaint. This assault and battery consisted of touching her sexually without her permission, in an offensive way including her breasts, buttocks and other parts of her body. Plaintiff is a minor and this conduct is unlawful sexual contact with a minor, which the Plaintiff cannot consent to such touching as a matter of Tennessee law – from an adult. Further this touching was offensive to Plaintiff to be touched by her manager/supervisor on her body in the workplace in a sexual way and is therefore assault and battery under Tennessee Law. The acts of touching (outlined in the Complaint above) were intentional and without the consent or agreement of the Plaintiff.

47. Plaintiff asserts that Defendant O'Reilly is also legally responsible for the assault and battery of Plaintiff due to the fact Defendant O'Reilly knew about such conduct in employment and effectively endorsed such conduct against the Plaintiff minor employee. This endorsement and support for this conduct as outlined in the Complaint caused further assault and battery of Plaintiff. The Defendant O'Reilly is therefore legally responsible for the assault and battery of the Plaintiff. Further, O'Reilly is legally responsible for the assault and battery of the minor Plaintiff under Respondeat Superior, Agency and Vicarious Liability with the facts outlined in this Complaint.

48. These actions of Defendants as set forth in this Complaint and details listed above have caused the Plaintiff to suffer a suffer severe mental injury. The actions of Defendants have caused the Plaintiff to experience headaches, sleeplessness,

EE Jane Doe Complaint 230209

depression, anxiety, crying, emotionally on edge, nightmares, fright, sadness, shame, humiliation, embarrassment, anger, disappointment, worry, fear, stress, lethargy and change in view of men. The intensity and frequency of the issues addressed in this paragraph of the Complaint have been consistent and significant since early on in the employment of the Plaintiff, through the present time.

49.     The Plaintiff is entitled to Compensatory and Punitive damages against Defendants for these intentional torts and intentional actions.

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

50.     Plaintiff incorporates all paragraphs and allegations in this Complaint listed above as fully alleged herein within the Punitive Damages Request against all Defendants.

51.     The actions of the Defendants as outlined in this Complaint were intentional or reckless. Those reckless or intentional actions of the Defendants as outlined and detailed in the allegations in the Complaint above have caused the damages to be suffered by the Plaintiff as outlined in this Complaint. Punitive damages are therefore appropriate in this case to punish the Defendants for their reckless and intentional conduct, which legally and proximately caused the foreseeable injuries to the Plaintiff. Further, the Defendants are jointly and severally liable for these damages to the Plaintiff.

**Wherefore, Plaintiff prays for the following relief;**

1.     That proper process issue requiring the Defendants to answer this Complaint in time prescribed by law;

2.     Plaintiff moves this Court for an Order granting default judgement pursuant to Tennessee Rule of Civil Procedure 55 should the Defendants fail to answer the Complaint within the timeframe required by law;

16

3. Plaintiff demands against Defendant O'Reilly damages for back pay, front pay, compensatory damages, punitive damages, interest, damages for the damages proximately caused by the sexual harassment, sexually hostile work environment, hostile work environment, sex discrimination and retaliation – under the Tennessee Human Rights Act.

4. Plaintiff also demands against Defendant O'Reilly all compensatory and punitive damages available against them for their actions as outlined in the Complaint for all other causes of action brought against Defendant O'Reilly.

5. Plaintiff also demands against Defendant Joseph Karr all compensatory and punitive damages available against Defendant Joseph Karr as alleged in the Complaint for the causes of action brought against Defendant Joseph Karr.

6. Plaintiff demands compensatory damages against each Defendant in an amount to be determined by the trier of fact, but not in excess of $2,000,000.00. Plaintiff reserves the right to amend the complaint and monetary ad damnum to increase or decrease the damages based on appropriate factors;

7. Plaintiff demands punitive damages be awarded in favor of the Plaintiff against each Defendant in an amount not to exceed $4,000,000.00;

8. That the Defendants be found to be jointly and severally liable for all damages in this case.

9. That Plaintiff be awarded attorney's fees, litigations expenses and costs for the prosecution of this claim as provided under Tennessee law specifically under the Tennessee Human Rights Act;

10. The Plaintiff also seeks equitable relief in the form of a protective order and enjoinment of the Defendant Joseph Karr. Further, an injunction is sought under Tennessee Rule of Civil Procedure 65. This includes a request for an order of the Court that enjoins (temporarily and permanently) Defendant Joseph Karr requiring him to stay at least 1,000 feet away from the Plaintiff for the rest of his life. Further, the Plaintiff requests that the Court enjoin Defendant Joseph Karr from contacting Plaintiff, from trying to contact Plaintiff and from trying to contact any family members of the Plaintiff.

11. Plaintiff also requests general and equitable relief that may be available to the Plaintiff.

12. Plaintiff requests the Defendants be required to pay all court costs, discretionary expenses and associated fees for this litigation;

13. That a jury of twelve (12) people try this cause; and

14. For any and all general just, reasonable, and necessary relief to which Plaintiff is entitled.

Respectfully submitted,

2|14|23

JASON A. LEE
Registration No: 22890
Attorney for Plaintiff

**BURROW LEE, PLLC**
651 S. Mt. Juliet Rd., #194
Mt. Juliet, TN 37122
(615) 540-1005
Direct: (615) 540-1004
jlee@burrowlee.com

EE Jane Doe Complaint 230209

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

A TRUE COPY ATTEST
FILED 2/15 20 23.
HEATHER L. MOORE, C&M

Jane Doe No. 1 and John Doe No. 1 as next friend and
father of minor plaintiff, Jane Doe No. 1
_____

**VS.**

O'Reilly Automotive Stores, Inc. and Joseph Karr
_____

SUMMONS TO: O'Reilly Automotive Stores
_____

c/o DT Corporation System
_____

300 Montvue Road, Knoxville, TN 37919
_____

**CASE NO.**
**MC-CH-CV-** DT 23 1

**METHOD OF SERVICE:**
- ☐ MONTGOMERY CO. SHERIFF
- ☐ SECRETARY OF STATE
- ☐ CERTIFIED MAIL
- ☐ COMM. OF INSURANCE
- ☑ PRIVATE PROCESS
- ☐ OUT OF COUNTY SHERIFF
- ☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 2/15/2023
_____

**ATTORNEY NAME & ADDRESS** Jason A. Lee, Burrow Lee, PLLC
651 S. Mt. Juliet Rd., #194
Mt. Juliet, TN 37122    jlee@burrowlee.com

**HEATHER L. MOORE**
**Clerk and Master, Chancery Court,**
**Montgomery County, Tennessee**

By _____
**Deputy Clerk and Master**

*******************************************************************

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because _____

On this the _____ day of _____, 20____    _____
                                                        Sheriff / Process Server

*******************************************************************

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by _____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

*******************************************************************

## NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):** Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

*******************************************************************

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

_____
Date

_____
Deputy Clerk & Master

## ◼ADA – FOR ASSISTANCE CALL (931) 920-1844

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

RETURN TO C&M

Jane Doe No. 1 and John Doe No. 1 as next friend and
father of minor plaintiff, Jane Doe No. 1

VS.

O'Reilly Automotive Stores, Inc. and Joseph Karr

SUMMONS TO: O'Reilly Automotive Stores

c/o DT Corporation System

300 Montvue Road, Knoxville, TN 37919

**CASE NO.**
MC-CH-CV- DT - 23 - 1

**METHOD OF SERVICE:**
- [ ] MONTGOMERY CO. SHERIFF
- [ ] SECRETARY OF STATE
- [ ] CERTIFIED MAIL
- [ ] COMM. OF INSURANCE
- [x] PRIVATE PROCESS
- [ ] OUT OF COUNTY SHERIFF
- [ ] OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 2 15 2023

ATTORNEY NAME & ADDRESS Jason A. Lee, Burrow Lee, PLLC
651 S. Mt. Juliet Rd., #194
Mt. Juliet, TN 37122    jlee@burrowlee.com

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By _Tonya Widener_
Deputy Clerk and Master

*******************************************************

## RETURN ON PERSONAL SERVICE OF SUMMONS

- [ ] Executed by reading the summons and leaving a copy of the Complaint with _____

- [ ] I was unable to execute this summons and a copy of the Complaint because _____

On this the _____ day of _____, 20____    _____
Sheriff / Process Server

*******************************************************

## RETURN ON SERVICE OF SUMMONS BY MAIL    FedEx a copy

I hereby certify that on February 23 20 23, I sent, ~~postage prepaid, by registered return receipt or certified return receipt mail, a certified copy~~ of the summons and a copy of the Complaint in case # MC-CH-CV- DT - 23 - 1 to the Defendant, O'Reilly Auto . On Feb. 27 , 20 23 I received the return receipt, which had been signed by CT Corp on Feb. 27 , 20 23 . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

See attached

_Plaintiff Attorney_ 2/27/23
Person authorized by statute to serve process

*******************************************************

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

*******************************************************

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

_____                    _____
Date                               Deputy Clerk & Master

## ◄ADA – FOR ASSISTANCE CALL (931) 920-1844



February 27, 2023

Dear Customer,

The following is the proof-of-delivery for tracking number: 771385152102

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | A.GRIFFIN | Delivery Location: | 300 MONTVUE RD |
| Service type: | FedEx 2Day | | |
| Special Handling: | Deliver Weekday | | Knoxville, TN, 37919 |
| | | Delivery date: | Feb 27, 2023 11:08 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 771385152102 | Ship Date: | Feb 23, 2023 |
| | | Weight: | 1.0 LB/0.45 KG |

Recipient:
O'Reilly Automotive c/o CT Corp,
300 Montvue Road
Knoxville, TN, US, 37919

Shipper:
Jason Lee, Burrow Lee, PLLC
651 S. Mt. Juliet Rd.
Box #194
MOUNT JULIET, TN, US, 37122

Reference                    EE Drake



Thank you for choosing FedEx